IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Bill J. Cory,

        Plaintiff,

vs.                               Case No. 12-1292-JTM

Kim W. Cudney, *et al.*,

        Defendants.

MEMORANDUM AND ORDER

*Pro se* plaintiff Bill Cory purchased a hay swather from Staub International in 2007. Disappointed in the equipment, he brought suit against Staub in the Republic County, Kansas District Court, which granted summary judgment in favor of Staub. Cory appealed the decision to the Kansas Court of Appeals and lost. *Cory v. Staub International*, No. 105,804 (Jan. 6, 2012). He then sought review by the Kansas Supreme Court, which denied the request.

Cory subsequently brought the present federal action against the Staub defendants (Staub International, Ron Staub, Scott Dewerff), adding Thomas Berscheidt (Staub's attorney in the state action), and the Hon. Kim. W. Cudney, the Republic County Judge who dismissed his state claim (misspelling Judge Cudney's name as "Cudnay"). Cory's

federal Complaint is virtually identical to his state Petition, except for his addition of Berscheidt and Judge Cudney, and attaching conclusory claims federal law, including racketeering in violation of 18 U.S.C. § 1861. All of the defendants have moved to dismiss the action. (Dkt. 4, 10, 13).

Cory's action against the Staub defendants is hereby dismissed as *res judicata* in light of the state court proceedings. Cory's claims against all defendants are hereby dismissed under Fed.R.Civ.Pr. 12(b)(6), the court finding that Cory's claims wholly fail to demonstrate any intelligible, coherent, or plausible claim for fraud, racketeering, violation of due process, or any other cause of action. *See Hall v. Witteman*, 569 F.Supp.2d 1208 (D.Kan. 2008). In addition, his claims against defendants are clearly barred by the *Rooker-Feldman* Doctrine, which precludes the precisely this sort of action, "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280 (2005). Finally, his action against Judge Cudney is based on decisions which, this court finds, were clearly within her jurisdiction, and thus is barred by the doctrine of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9 (1991).

Cory has separately moved for a default judgment against the Staub defendants (Dkt. 18), which is without merit in light of their active efforts to dismiss the action. Finally, he has moved to amend the Complaint to add the corporate entity which actually purchased the farm equipment which underlies this litigation. Since the amendment does

2

nothing to remedy the multiple fatal flaws in the Complaint, leave to amend is hereby denied.

IT IS ACCORDINGLY ORDERED this 8th day of November, 2012, that the defendants' Motions to Dismiss (Dkt. 4, 10, 13) are hereby granted. Cory's Motions for Default Judgment and to Amend (Dkt. 18, 27) are hereby denied.

 s/ J. Thomas Marten         
J. THOMAS MARTEN, JUDGE
